**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MATT CARTWRIGHT and ROBERT MORGAN,** : | |
| Petitioners, : | |
| : | **MISC. ACTION NO. 3:18-0014** |
| v. : | |
| : | **(JUDGE MANNION)** |
| **JOHN R. WALSH and LAURE G. WALSH,** : | |
| Respondents : | |

**MEMORANDUM**

Pending before the court is the January 5, 2018 motion to quash two subpoenas pursuant to Fed.R.Civ.P. 45, filed by non-parties the Hon. Matthew Cartwright, U.S. Representative for the 17th Congressional District of Pennsylvania, and Robert Morgan, Deputy Chief of Staff and District Director for Congressman Cartwright ("petitioners") to Attend and Testify (the "subpoenas") which were issued on December 15 and 20, 2017, by John R. Walsh ("respondent"). These subpoenas relate to his 2009 closed state divorce case, instituted against him by Laure G. Walsh in Lackawanna County Court of Common Pleas. (Doc. 1, Doc. 1, Ex. A). While the subpoenas appear to be official capacity subpoenas, on November 9, 2017, the county court dismissed, with prejudice, respondent's action to which the subpoenas pertain. (Doc. 1, Ex. C). In its November 9, 2017 Order the county court directed, in part, that "[John R. Walsh] shall be precluded from filing any further Motions with the Court regarding the Divorce which has been finalized

1

or face sanctions by the Court for presenting frivolous repetitive Motions to the Court." Indeed, the very judge who issued the November 9, 2017 Order, Judge Braxton, is the judge under whose authority respondent ostensibly has issued his subpoenas. It is quite clear that no hearing was scheduled in respondent's closed divorce case on January 8, 2018, or on any other date.

Despite the November 9, 2017 Order clearly advising respondent that the action he was attempting to pursue was dismissed with prejudice, respondent directed in his instant subpoenas that petitioners appear in county court regarding his closed divorced case on January 8, 2018, and for Mr. Morgan to bring with them "[a] copy of all materials you have in my name John R. Walsh III." The subpoena to Mr. Cartwright simply directs him to bring a "truthful and open mind."

Petitioners attached to their motion, a brief in support, (Doc. 1-2), as well as exhibits, and a notice of removal of the subpoenas to federal court pursuant to 28 U.S.C. §1442(a)(4). Included as exhibits are several other subpoenas respondent has also issued, in his closed divorce case, to high ranking officials of the United States and other countries, such as President Donald J. Trump, Japanese Prime Minister Shinzo Abe, Chinese President Xi Jinping, Governor Jerry Brown of California, and Russia President Vladimir Putin. (Doc. 1, Ex. B). Further, counsel for petitioners advised respondent in a letter dated January 3, 2017 that petitioners have "no responsive documents, information, or potential testimony that may be relevant to [his]

2

divorce case." (Id.).

To date, respondent has not responded to the motion to quash which was served upon him on January 5, 2018. This court is well familiar with respondent Walsh who has filed numerous frivolous and nonsensical actions over several years. In fact, this court has had to issued a pre-filing injunction against Walsh preventing him from filing any future actions in this court without the court's approval. *See* Walsh v. U.S. House of Representatives, 2017 WL 2544834 (M.D.Pa. June 13, 2017).

Petitioners' motion was filed under Fed.R.Civ.P. 45. The court in Highland Tank & Mfg. Co. v. PS Intern., Inc., 277 F.R.D. 374, 379 (W.D. Pa. 2005), stated:

> Generally, Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena commanding a person to whom it is directed to attend and give testimony, or to produce and permit the inspection of designated documents. [footnote omitted]. Rule 45(a)(1)(C). Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit. *See* Adv. Comm. Note on 1991 Amendments to Fed.R.Civ.P. 45.

Petitioners essentially objected to respondent's subpoenas pursuant to Rule 45 which provides protections for a non-party who is the subject of a subpoena. "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena." In re Domestic Drywall Antitrust Litigation, 300 F.R.D. 234, 238 (E.D.Pa. 2014). "The party

3

seeking to quash the subpoena bears the burden of demonstrating that the requirements of Fed.R.Civ.P. 45 [to quash a subpoena] are satisfied." Plastic the Movie Ltd. v. John Doe Subscriber, 2015 WL 4715528, at *1 (D.N.J. Aug. 7, 2015) (citation omitted).

The court will grant petitioners' motion to quash since the subpoenas are not enforceable based on the doctrine of sovereign immunity as they seek to discover official information from petitioners and since petitioners clearly have no individual knowledge regarding respondent's closed divorce case. (*See* Doc. 1, Ex. B).

The court in Pleasant Gardens Realty Corp. v. H. Kohnstamm & Co., Inc., 2009 WL 2982632, *6 (D.N.J. Sept. 10, 2009), explained:

> Because this action was removed from state court pursuant to 28 U.S.C. §1442, the jurisdiction of this court is derivative of that of the state court. Boron Oil Company, 873 F.2d [67] at 70 [4th Cir. 1989]; Kasi v. Angelone, 300 F.3d 487, 504 n. 6 (4th Cir. 2002). "The doctrine of derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal." Palmer v. City Nat'l Bank of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007) [ ... ] In the context of this matter, therefore, the Court must determine if the state court had jurisdiction to enforce [respondent's] subpoenas. This is essential because "[i]f the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." Id. (citing Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922)).

The court has found that respondent is seeking official information from a member of Congress and an employee of Congress. As such, this is

equivalent to an action against the Untied States for purpose of a sovereign immunity analysis. Id. (citing Boron Oil Company, 873 F.2d at 71 ("[t]he subpoena proceedings fall within the protection of sovereign immunity even though they are technically against the federal employee and not against the sovereign. We have previously instructed that suits against federal employees may be barred by the doctrine of sovereign immunity where the effect of the suit falls upon the government."). Further, "[i]n general, federal agencies and officers [including a Congressman and Senator] acting in their official capacities are also shielded by sovereign immunity." Rockefeller v. Bingaman, 234 Fed.Appx. 852, 855 (10th Cir. 2007) (citation omitted). Thus, the doctrine of sovereign immunity bars this court from enforcing respondent's subpoenas since they seek official information from petitioners. Id. (citing Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 61 n. 6 (1st Cir. 2007) ("[W]here a subpoena is issued to a non-party federal government agency in conjunction with litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity, and the federal courts have consistently held that they lack jurisdiction to enforce the subpoena in cases where the government has removed the subpoena proceedings to federal court.")).

For the foregoing reasons, the court will **GRANT** the petitioners' motion to quash the subpoenas of respondent Walsh. (Doc. 1). An appropriate order shall follow.

                                            s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States District Judge**

**Date: January 18, 2018**
O:\Mannion\shared\MEMORANDA - DJ\MISCELLANEOUS\2018\18-0014-01.wpd